UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LORIE BENNINK, et al.,

    Plaintiffs,

v.

CITY OF COOPERSVILLE, et al.,

    Defendants.

                                     /

File No. 5:06-CV-82

HON. ROBERT HOLMES BELL

## **O P I N I O N**

At the hearing on Plaintiffs' motion for preliminary injunction on June 1, 2006, Plaintiffs requested an order staying the election recount that is currently scheduled for 2:00 p.m. on June 6, 2006. Plaintiffs have requested the recount be stayed until such time as the Court has determined Plaintiffs' rights and the propriety of having their votes counted. Plaintiffs fear that if it is eventually determined that their votes may be counted, those votes would be pointless after the recount. The Court requested the parties to brief the issue of whether it has the power to issue such relief.

In support of their request for a stay Plaintiffs rely on the broad equitable powers of federal district courts to fashion remedies tailored to individual circumstances, and on cases that have recognized the authority of district courts to enjoin elections. *See*, *e.g.*, *Hamer v. Campbell*, 358 F.2d 215, 221 (5th Cir. 1966); *Smith v. Bd. of Election Comm'rs*, 586 F. Supp. 309 (N.D. Ill. 1984); *Gilmore v. Greene County Democratic Party Executive Comm.*, 368

F.2d 328 (5th Cir. 1966). Although none of the cases cited by Plaintiffs involved a stay of a recount, Plaintiffs contend that if the Court has authority to stay an election, it must also have authority to issue the less intrusive remedy of staying a recount.

Defendants contend that the Court does not have authority to enjoin a recount, both because it lacks jurisdiction to do so, and because it should not assume to interfere with the actions of an administrative body, such as a board of canvassers, until the administrative body arrives at some reviewable decision of finality. *Gracey v. Grosse Pointe Farms Clerk*, 182 Mich. App. 193, 204-05, 452 N.W.2d 471 (1989).

The Court is satisfied that whether or not it has the equitable authority to enjoin a recount, it would not do so in this case. In determining whether or not to issue a preliminary injunction in the nature of a stay, the court must consider

> (1) the plaintiffs' likelihood of success on the merits; (2) whether the plaintiff may suffer irreparable harm absent the injunction; (3) whether granting the injunction will cause substantial harm to others; and (4) the impact of an injunction upon the public interest.

*Abney v. Amgen, Inc.*, 443 F.3d 540, 546 (6th Cir. 2006) (quoting *Deja Vu of Nashville, Inc. v. Metro. Gov't of Nashville & Davidson County*, 274 F.3d 377, 400 (6th Cir. 2001)). "None of these factors, standing alone, is a prerequisite to relief; rather, the court should balance them." *Id.* (quoting *Golden v. Kelsey-Hayes Co.*, 73 F.3d 648, 653 (6th Cir. 1996)).

It is clear that a stay of the recount would only be meaningful or necessary if Plaintiffs' votes could be counted in the recount. The Court is not persuaded that Plaintiffs have shown a likelihood of success on the merits of their claim that they are entitled to the relief

requested, i.e., that they should be allowed to cast their votes after the polls have closed, the votes counted and the results made public.  As noted in *Florida Democratic Party v. Hood*, 342 F. Supp. 2d 1073 (N.D. Fla. 2004), when individuals are turned away at the polls they suffer irreparable injury because post-election litigation efforts to allow voting by those who had been turned away at the polls will not give them relief.  *Id*. at 1082.  The problem of not casting a vote is irremediable.  *Id*. (citing *Nat'l Coalition for Students with Disabilities v. Bush*, No: 4:00cv442 (Docket) (N.D. Fla. Nov. 29, 2000), and *Dickens v. Florida*, No: 4:00cv420 (Docket) (N.D. Fla. Nov. 9, 2000), denying motions for orders requiring state elections officials to allow voting in election after polls closed by persons who claimed they were prevented from voting by violations of federal law.).

The party's have alerted the Court to only one case where votes were allowed to be cast after an election.  In *Gracey v. Grosse Pointe Farms Clerk*, 182 Mich. App. 193, 452 N.W.2d 471 (1989), where there was a dispute over the absentee ballots, the circuit court ordered that all absentee ballots be recast.   The Court of Appeals expressed no opinion on the propriety of such a reballoting.  *Id.* at 196. n.1.  In any event, the case differs from this case because the 315 absentee voters in *Gracey* had cast timely ballots and the case simply involved a recasting of votes by the same voters.

The other cases cited by Plaintiffs in support of their right to have their votes counted did not involve the right to cast a vote after the polls were closed and the votes had been counted and made public.  In *Stamos v. Genesee County Bd. of Canvassers*, 46 Mich. App.

636, 208 N.W.2d 551 (1973), the court merely allowed absentee ballots to be counted after the election where those absentee ballots had been delivered to the city clerk on election day, but had not been delivered to the precinct prior to closing. *Id.* at 638-39. The other cases cited by Plaintiffs similarly fail to suggest that a post-election vote is ever an appropriate remedy. *See Attorney General ex rel. Miller v. Miller*, 266 Mich. 127, 149, 253 N.W. 241, 249 (1934) (post-election rejection of illegal ballots); *People ex rel DeJonge v. Kamps*, 129 Mich. 217 (1901) (post-election rejection of ballot cast by unqualified voter); *In re Contest of 1979 General Election*, 489 Pa. 404 (1980) (post-election recount of ballots). The opening of the ballot box to review votes already cast does not support a remedy of allowing a vote to be cast and counted after the polls have closed. Plaintiffs have not demonstrated a likelihood of success on the merits of their request to cast a post-election vote.

Although a finding of no likelihood of success "is usually fatal," *Abney*, 443 F.3d at 546 (quoting *Gonzales v. Nat'l Bd. of Med. Exam'rs*, 225 F.3d 620, 625 (6th Cir. 2000), the Sixth Circuit has advised that courts should ordinarily analyze all of the factors. *Id.* (*Leary v. Daeschner*, 228 F.3d 729, 739 n. 3 (6th Cir. 2000)). Accordingly, the Court will also consider whether granting the requested stay would cause substantial harm to others and the impact of a stay on the public interest.

The "others" who are potentially affected most directly by Plaintiffs' request for a stay are the school district and the election officials. The school district undoubtedly has an interest in knowing whether or not the millage has been passed so that it can make plans for

4

the coming school year. Finalization of the election results has already been delayed by the recount. A stay of the recount would prolong that delay and would cause at least some harm to the school district. The election officials' interest in conducting their scheduled recount would be adversely affected by a stay.

It is the public, however, that would suffer the most substantial harm from a stay of the recount. The public's interest must be understood in conjunction with the purpose of the stay, i.e., to allow Plaintiffs to cast their votes after the election. The public has an interest in both the finality and stability of the election process. The stability of the election process depends on limiting votes to those cast before the polls close. Allowing votes to be cast after the polls close, and particularly after the votes have been counted and made public, would destabilize the electoral process and invite improper voter influence and fraud.

Plaintiffs have raised interesting issues about verifying the date of voter registrations and the use of provisional ballots. Those questions require some clarification and merit further attention by this Court. However, neither of these issues support Plaintiffs' request for a stay of the recount of the May 2, 2006, vote. Plaintiffs have not shown a likelihood of success on the merits of their claim, and their interests are outweighed by the conflicting interests of the public. The Court accordingly concludes that a stay of the recount would not be appropriate.

An order consistent with this opinion will be entered.


Date:     June 5, 2006                    /s/ Robert Holmes Bell
                                          ROBERT HOLMES BELL
                                          CHIEF UNITED STATES DISTRICT JUDGE